UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

Fayetteville Hotel Ownership, LLC,
Widewaters Victor Company, LLC, Fairport
Hotel Beverage Management LLC, 800
Pittsford-Victor Road Company, LLC,

                Plaintiffs,

      -against-

Fayetteville II Hotel Management LLC,
Victor II Hotel Management LLC, Rochester
II Hotel Management LLC, Pittsford II Hotel
Management LLC, and New Castle Hotels
LLC,

                Defendants.

X

------------------------------------

   :   Case No. 1:25-cv-09552

**ORDER GRANTING PLAINTIFFS'
MOTION FOR A PRELIMINARY
INJUNCTION**

This cause coming to be heard on the Motion for Preliminary Injunction (the "Motion") filed by Plaintiffs Fayetteville Hotel Ownership, LLC, Widewaters Victor Company, LLC, Fairport Hotel beverage Management LLC, and 800 Pittsford-Victor Road Company, LLC ("Plaintiffs"), notice having been given, and this Court having reviewed and considered the briefing on the Motion and having heard the arguments of counsel,

For the reasons stated on the record at today's hearing, IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED as follows:

1.     Defendants Fayetteville II Hotel Management LLC, Victor II Hotel Management LLC, Rochester II Hotel Management LLC, Pittsford II Hotel Management LLC, and New Castle Hotels LLC ("Defendants") shall, no later than March 2, 2026 at 12 p.m. (ET),

-1-

relinquish possession, management, and operational control of the following hotels (the "Hotels") to Plaintiffs and/or Plaintiffs' designee(s): the Craftsman Inn & Suites, located at 7300 East Genesee Street, Fayetteville, NY 13066; the Hampton Inn & Suites, located at 7637 NY-96 Victor, NY 14564; the Woodcliff Hotel & Spa, located at 199 Woodcliff Drive, Fairport, NY 14450; and the Hilton Garden Inn, located at 800 Pittsford-Victor Road, Pittsford, NY 14534.

2.    Defendants shall surrender all keys, access cards, books and records, and any other materials or information necessary for the continued operation of the Hotels to Plaintiffs and/or Plaintiffs' designee(s) no later than March 2, 2026 at 12 p.m. (ET). The transfer shall include, without limitation, for each hotel:

- An organization chart or other comprehensive list of current hotel personnel and their positions;
- Access to payroll and HR systems;
- Access to property management systems;
- Access to sales and revenue systems;
- Comprehensive list of vendors and copies of all contracts;
- Comprehensive list of all licenses and permits and copies of same;
- Current operational and capex budget;
- Current marketing plan;
- All accounting information;
- Chart of Accounts;
- Historic Trial Balance by month (4 years);
- Historic P&Ls by month (4 years);
- Historic T12/TTM (4 years);
- Credit card merchant processing data/logins;
- Current financial statement;
- Access/logins for all existing bank accounts
- Accounts payable;
- Historical RE/Property Tax filings & bills; and
- Tax account login information.

3.    Defendants shall sign any documents reasonably necessary to effect the change of management of the Hotels, shall cooperate with Plaintiffs and/or Plaintiffs' designee(s) to assign any permits or licenses for the Hotels, and shall otherwise cooperate and coordinate with

Plaintiffs and/or Plaintiffs' designee(s) to take all steps necessary to transfer operational control of the Hotels to Plaintiffs and/or Plaintiffs' designee(s).

4.    Defendants are prohibited and enjoined from interfering in any manner with Plaintiffs' actual or attempted engagement of new management for the Hotels, including but not limited to Schulte Hospitality Group.

5.    Defendants are prohibited and enjoined from interfering in any manner with the management, operation, or administration of the Hotels following transfer of operational control of the Hotels to Plaintiffs and/or Plaintiffs' designee(s).

6.    This Order shall take effect immediately and shall remain in effect pending trial in this action or further order of this Court.

7.    By February 13, 2026, Plaintiffs shall post a $3 million bond.  That amount reflects an estimate of the amount of money damages that Plaintiff could conceivably owe to Defendants, were Defendants to ultimately prevail on the merits of this case, including on their anticipated counterclaims.

IT IS SO ORDERED.


DATED this 29th day of January, 2026.


_____
PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE